NO. 23-2271

# United States Court of Appeals
## *for the*
# Fourth Circuit

CROSS RIVER BANK, a New Jersey Business Entity

*Plaintiff-Appellee,*

-v-

3 BEA'S ASSISTED LIVING LLC, a/k/a Three Bea's Assisted Living,
a Maryland Limited Liability Company; CONNIE STEWART;
DAVID STEWART, JR.

*Defendants-Appellants,*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND AT GREENBELT IN CASE NO. 8:21-CV-03210-TJS,
TIMOTHY J. SULLIVAN, U.S. MAGISTRATE JUDGE

## APPELLANTS REPLY BRIEF

| | |
|---|---|
| JOHNATHAN LERNER, ESQ. | RICHARD BRUCE BARDOS, OF COUNSEL |
| STARR, GERN, DAVISON & RUBIN P.C. | SCHULMAN, HERSHFIELD & GILDEN, P. A. |
| 105 Eisenhower Parkway | 1 East Pratt Street, Suite 904 |
| Roseland, New Jersey 07068 | Baltimore, Maryland 21202 |
| (973) 403-9200 | (410) 332-0850 |
| jlerner@starrgern.com | rbardos@shg-legal.com |
| *Attorneys for Plaintiff-Appellee* | *Attorneys for Defendants-Appellants* |



## TABLE OF CONTENTS

ARGUMENT ................................................................................... 1

I. THE TRIAL COURT ERRED IN FAILING TO CONSIDER THE EVIDENCE IN A LIGHT IN ANY WAY FAVORABLE TO APPELLANTS AND SIMPLY ADOPTED THE CLAIMS OF APPELLEE TO DISREARD THE PLAIN EVIDENCE BEFORE IT .......……………………………………….......…........1

CONCLUSION ................................................…........…......... 5

## ARGUMENT

**I.** THE TRIAL COURT ERRED IN FAILING TO CONSIDER THE EVIDENCE IN A LIGHT IN ANY WAY FAVORABLE TO APPELLANTS AND SIMPLY ADOPTED THE CLAIMS OF APPELLEE TO DISREARD THE PLAIN EVIDENCE BEFORE IT

On April 30, 2020, Appellant Three Bea's Assisted Living, LLC, (Three Bea's) applied for a paycheck protection loan. JA 110-113. Appellant Connie Stewart, as owner of Three Bea's, completed the forms on behalf of the company. JA 111. The loan documents were drafted entirely by Appellee Cross River Bank. The Borrower Application Form shows the borrower as an LLC, lists the business's legal name and address and identifies Stewart as the "owner" of Three Bea's. JA 110. The application filed by Stewart on behalf of Three Bea's indicates that Three Bea's has eight employees, reflects an accurate average monthly payroll of $8272.00 and therefore seeks a loan of $20,860.00. [1] *Id*. The sole applicant on the forms is Three Bea's. The

---

[1]    Despite this request in writing, Appellee granted a loan in the amount

signature line on the application form states it is signed by Stewart as "Authorized Representative of Applicant." Stewart does not sign as an individual. Consistent with this application, Stewart was the only signator to the loan Note, and signed as Three Bea's representative.

Appellee's brief asks this Court to ignore all of these facts and consider but one document in a vacuum - the Note prepared by Appellee. Consideration of even that document, however, shows that Ms. Stewart never signed as an individual obligated to pay a $1,700,000 loan. Rather than attempt to describe the signature line from the Note, as both parties have done, it is provided here as a direct photograph:

> 10. STATE-SPECIFIC PROVISIONS:
>
> N/A
>
> BORROWER'S NAME(S) AND SIGNATURE(S):
> By signing below, each individual or entity becomes obligated under this Note as Borrower.
>
> Three Bea's Assisted Living                     , Borrower
> ─DocuSigned by:─
> By: *Connie Stewart*
> Name: CONNIE STEWART
> Title:

JA 127. Despite the plan language of this signature line showing that the Borrower, as typed in by Appellee, is "Three Bea's Assisted Living" and docusigned "<u>By</u>" Ms. Stewart, the lower court ruled as a matter of law that the

---

of "$1706117".

<u>only</u> reasonable conclusion is that Stewart signed individually. In reaching this conclusion, the court either misread the signature page or disregarded it entirely. In either case, the court erred.

Further, the form presents the opportunity for more than one entity to sign, "each individual or entity" and only one entity signed the document. The only way for a corporation to sign an agreement is through its human beings; Ms. Stewart's signature is only as a representative of Three Bea's - there is no other way for the company to sign the document. Had the bank intended for <u>two</u> entities to be liable on the Note, Three Bea's <u>and</u> Ms. Stewart, the Bank would have provided two signature lines. Instead, there is but one.

As this Court is well aware, the standard for the lower court was to view this evidence, in fact all of the evidence, in a light most favorable to Ms. Stewart as the non-moving party and must afford the non-movant all reasonable inferences. Here, the lower court adopted only how the bank chose to interpret this document and failed to consider it in any light favorable to Ms. Stewart, let alone a most favorable light. The lower court abused its power in a summary judgment matter and must be reversed.[2]

## CONCLUSION

---

[2] This short reply brief is intended to address only the most critical aspect of Appellee's brief. Other Appellee arguments are addressed in Appellants' opening brief and Appellants doe not agree with or waive their right to challenge Appellee's arguments. In addition, Appellee argues that Appellant disagrees with the lower court's decision, which is axiomatic, and that Maryland law precluding individual liablity does not apply where a person signs as an individual. Again, that assertion is correct but does not apply here because Ms. Stewart in fact signed only as a representative of her company.

For all of the reasons stated herein, Appellants respectfully request that the Court reverse the lower Court's ruling on summary judgment on the issue of personal liability of Appellant Connie Stewart and remand the case for trial on this issue.

Respectfully submitted,

_____/s/_____
/s/ Richard Bardos
Richard Bardos, Of Counsel
Schulman, Hershfield & Gilden, P.A.
1 East Pratt Street, 9th Floor
Baltimore, Maryland 21202
(410) 332 0850
Counsel for Appellants